IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
98 MAR 19 AM 8:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAR 19 1998

JOYCE ROJEM, d/b/a MADISON )
TRAVEL AGENCY,
)
    PLAINTIFF,
)
VS.                          CV97-H-2910-NE
)
AMERICAN HAWAII CRUISES, INC.,
)
    DEFENDANT.

**MEMORANDUM OF DECISION**

This cause came on consideration at the court's regularly scheduled motion docket held January 30, 1998 in Birmingham, Alabama. The court had before it the November 7, 1997 motion by defendant American Hawaii Cruises, Inc. to dismiss this action for lack of proper jurisdiction.

Plaintiff commenced this action by filing a complaint in the state court in Lawrence County, Alabama on September 9, 1997. Plaintiff alleged misrepresentation, fraud and breach of contract against defendant. Defendant removed this action to this court on November 3, 1997. Defendant filed a brief in support of its motion to dismiss on November 12, 1997. Plaintiff filed no response to the defendant's motion to dismiss.

In a diversity action, there is a two-part analysis for determining whether the court can exercise personal jurisdiction

over a non-resident defendant. Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990). First, the court must determine whether the long-arm statute of the forum state provides for jurisdiction over the defendant. Id. Second, the court must determine whether sufficient minimum contacts exist between the non-resident defendant and the forum state to meet the requirements of the Due Process Clause of the Fourteenth Amendment. Id. The Supreme Court of Alabama has held that jurisdiction under the Rule 4.2(a) of the Alabama Rules of Civil Procedure, the state's long-arm statute, "extends to the permissible limits of due process." Ex parte Paul Maclean Land Services, Inc., 613 So.2d 1284, 1286 (Ala. 1993). Therefore the Alabama long-arm statute provides jurisdiction where the requirements of due process are met. The due process requirements are met where the defendant has certain "minimum contacts" with the forum so that maintenance of a lawsuit against it does not "offend tradition notions of fair play and substantial justice." International Shoe v. Washington, 326 U.S. 310, 316 (1945). The defendant must "purposely avail[] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King. Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).

In support of its motion, defendant attached the affidavit of Jordan Allen, the Vice President and General Counsel of American Hawaii Cruises, Inc. In his affidavit Mr. Allen states the following:

> American Hawaii is a corporation organized under the laws of the State of Delaware. American Hawaii has offices in Honolulu, Hawaii, Chicago, Illinois and New Orleans, Louisiana.
> American Hawaii is in the business of providing cruises departing and returning exclusively from ports in the State of Hawaii.
> American Hawaii is not qualified to do business in Alabama, and has no registered agent in Alabama.
> American Hawaii has no offices, agents, employees, bank accounts, telephone listings or property in Alabama.

See exhibit A to motion to dismiss. American Hawaii's sole contact with Alabama is that it provides tickets and distributes brochures to independent travel agents from time to time. American Hawaii also has limited national advertising which may reach Alabama.

Counsel for plaintiff conceded at oral argument that general jurisdiction does not exist over the defendant, but argued that specific jurisdiction does exist. Plaintiff's complaint alleges that plaintiff contacted defendant concerning the cruises at issue in this dispute and that she and the defendant had telephone conversations about these cruises.

In the face of these uncontroverted facts, it is clear that

3

under the due process requirements, there are insufficient minimum contacts between the defendant and the State of Alabama to allow this action to proceed in this court.  Thus, the court concludes that it lacks jurisdiction over the defendant the defendant's motion to dismiss pursuant to Rule 12(b) is due to be granted.  A separate order of dismissal will be entered.

DONE this __19th__ day of March, 1998.

_____
SENIOR UNITED STATES DISTRICT JUDGE